IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| OTHON ROBLEDO-CRUZ, | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:18-167 |
| | § | Criminal No. B:16-973-1 |
| UNITED STATES OF AMERICA, | § | |
|    Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On October 22, 2018, Petitioner Othon Robledo-Cruz filed a Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That petition is currently pending before the Court.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

After conducting that review, and for the reasons discussed below, the Court **RECOMMENDS** that the petition be denied as meritless.

### I. Procedural and Factual Background

On November 1, 2016, a federal grand jury – sitting in Brownsville, Texas, – indicted Robledo-Cruz for illegally re-entering the United States, after having been previously deported[1], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Robledo-Cruz, Criminal No. 1:16-973-1, Dkt. No. 7 (hereinafter "CR"). Robledo-Cruz was found in the United States on or about October 12, 2016. Id.

---

[1] While the indictment also alleged that Robledo-Cruz had been convicted of an aggravated felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

1

**A. Re-Arraignment**

On May 20, 2015, Robledo-Cruz appeared before the Magistrate Judge and entered a guilty plea – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 12.

The Court established that Robledo-Cruz had never needed treatment for any kind of substance abuse problem; was not under the influence of any medications or drugs; had discussed the charges with his attorney; was able to assist in his own defense; and was satisfied with his attorney's representation. CR Dkt. No. 42, pp. 3-54. Robledo-Cruz informed the Court that he had not been forced to plead guilty. Id. Robledo-Cruz also stated that he had been informed of the maximum sentence that he faced; and the impact of the sentencing guidelines in his case. Id. The Court further explained that as a result of pleading guilty, Robledo-Cruz gave up: the right to confront and cross-examine adverse witnesses; the right to call witnesses on his own behalf; the right to subpoena witnesses to make them testify; and gave up his right to choose whether he would testify. Id. Robledo-Cruz confirmed that he understood the implications of giving up his right to trial as a result of pleading guilty. Id.

Robledo-Cruz also stated that his attorney discussed his constitutional rights with him. CR Dkt. No. 31, pp. 12-16. He also stated that his attorney had discussed the immigration consequences of his plea with him. Id, pp. 27-28. Robledo-Cruz also stated that his attorney discussed with him the sentencing guidelines and how they might apply to his case. Id, p. 30. He further stated that his attorney had explained to him the sentencing process in a way that he could understand. Id, pp. 33-34.

Having stated that he understood all of his rights, Robledo-Cruz entered a plea of guilty to the charge of illegally re-entering the United States. Id.

The Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Robledo-Cruz's guilty plea. CR Dkt. No. 12.

On January 3, 2017, the District Judge adopted the report and recommendation, accepting Robledo-Cruz's plea of guilty. CR Dkt. No. 21.

**B. Sentencing & Direct Appeal**

In the final presentence report ("PSR"), Robledo-Cruz was assessed a base offense level of eight. CR Dkt. No. 26, pp. 4-5. He was also assessed a 4-level enhancement for a prior conviction for an aggravated felony – a 2000 state conviction for second degree murder. Id. He was afforded a two-level reduction for acceptance of responsibility. Id. Thus, Robledo-Cruz was assessed a total offense level of 10. Id.

Regarding his criminal history, Robledo-Cruz had one adult criminal conviction and was assessed three criminal history points, resulting in a criminal history category of II. CR Dkt. No. 26, p. 5-7. An offense level of 10 and criminal history category of II, produced a sentencing guideline imprisonment range of 8 to 14 months.

On January 30, 2017, the Court informed the parties that it was considering "an upward departure or a non-guideline sentence in this matter." CR Dkt. No. 23.

On March 8, 2017, the Court held the sentencing hearing. CR Dkt. No. 39. At that hearing, the District Judge stated that he was "concerned" because Robledo-Cruz's prior conviction was "a murder where he shot and killed two people." Id, p. 3. Robledo-Cruz's attorney argued that the Court should not upwardly depart because Robledo-Cruz returned to the country to work to provide for his family and that the murder was "more so of a self defense issue that had arose." Id, p. 4.

The Court sentenced Robledo-Cruz to 60 months of incarceration, three years of supervised release, and a $100 special assessment, the last of which was ordered remitted. CR Dkt. No. 39. The sentence was "based on the history and characteristics of the Defendant and [was] imposed to protect the public from future crimes of the Defendant and deter further criminal conduct." Id, p. 6. The judgment was entered on March 17, 2017. CR Dkt. No. 35.

**C. Direct Appeal**

Robledo-Cruz timely filed a notice of direct appeal. CR Dkt. No. 33. On direct appeal, Robledo-Cruz argued that his sentence was substantively unreasonable. CR Dkt. No. 48.

On December 11, 2017, the Fifth Circuit affirmed Robledo-Cruz's sentence, rejecting all of his arguments. Id.; 706 Fed. App'x. 179 (5th Cir. 2017). The Fifth Circuit held that the sentence was not substantively unreasonable, given that the sentence was less than the statutory maximum and the district court properly "supported its decision with a discussion of the relevant 18 U.S.C. § 3553(a) sentencing factors." U.S. v. Robledo-Cruz, 706 F. App'x 179, 180 (5th Cir. 2017).

Robledo-Cruz filed a petition for a writ of certiorari with the Supreme Court. On April 16, 2018, the Supreme Court denied Robledo-Cruz's petition. Robledo-Cruz v. U.S., 138 S. Ct. 1577, 200 L. Ed. 2d 765 (2018).

### D. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On October 22, 2018, Robledo-Cruz filed a motion, pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. Robledo-Cruz raises four claims, which the Court restates as two issues: (1) that his murder conviction was too remote to qualify for criminal history points; and (2) his trial and appellate counsel were each ineffective for not making that objection.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to it.

## II. Applicable Law

### A. Section 2255

Robledo-Cruz seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

Claims of ineffective assistance of counsel generally cannot be resolved on direct appeal and are properly raised for the first time in a § 2255 petition. U.S. v. Merritt, 24 F.3d 240 (5th Cir. 1994) (citing U.S. v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992).

**B. Ineffective Assistance of Counsel**

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id. To prove that counsel's performance was deficient, a petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005). Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

"Failure to prove either prong [of the Strickland test] will defeat an ineffective assistance claim." Leal v. Dretke, 428 F.3d 543, 548 (5th Cir. 2005). If the Court can resolve the claim based solely on the prejudice prong, it should do so without reference to the deficient performance prong. U.S. v. Ridgeway, 321 F.3d 512, 514-15 (5th Cir. 2003), abrogated on other grounds in U.S. v. Grammas, 376 F.3d 433, 438 (5th Cir. 2004); see also Strickland, 466 U.S. at 697 ("The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

5

A defendant is "entitled to effective assistance of counsel at all stages of his criminal trial, including the sentencing phase." Ransom v. Johnson, 126 F.3d 716, 721 (5th Cir. 1997). A defendant may show prejudice at sentencing if counsel's ineffective assistance resulted in any additional incarceration. Glover v. U.S., 531 U.S. 198, 203 (2001) (noting that "any amount of jail time has Sixth Amendment significance.").

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the petitioner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Robledo-Cruz's claims, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). While the Court will "read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

Robledo-Cruz's arguments all revolve around the claim that his 2000 conviction – for second degree murder – was too remote in time to qualify for any criminal history points under the Guidelines. Dkt. No. 2. He additionally claims that his trial and appellate counsel were ineffective for failing to make this argument, which resulted in an incorrect guideline sentence range. For the reasons discussed below, both arguments are legally meritless.

### A. Prior Conviction

The Sentencing Guidelines state that when determining if a conviction should result in criminal history points, "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and

one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. § 4A1.2(e)(1). This section should be read disjunctively: a prior conviction qualifies for criminal history points if: (1) the qualifying sentence was imposed within 15 years of the instant offense; or (2) if the defendant served any portion of the qualifying sentence within the 15 years prior to the instant offense. U.S. v. Arnold, 213 F.3d 894, 895-96 (5th Cir. 2000).

Clearly, Robledo-Cruz's offense should be counted for points in his criminal history under the second prong of U.S.S.G. § 4A1.2(e)(1). The instant offense, i.e. the § 1326 offense, occurred on October 12, 2016. CR Dkt. No. 26, p. 3. Illegal reentry is a continuing offense; it "begins at the time the defendant illegally re-enters the country and does not become complete," until the defendant is apprehended. U.S. v. Corro-Balbuena, 187 F.3d 483, 485 (5th Cir. 1999). According to the PSR, Robledo-Cruz told Customs and Border Protections agents that he had entered the United States "shortly before he was apprehended" on October 12, 2016. CR Dkt. No. 26, p. 3. Thus, if within 15 years prior to that date (i.e. after October 12, 2001), Robledo-Cruz was incarcerated for a sentence that exceeded 13 months, then the conviction should count in the criminal history. U.S.S.G. § 4A1.2(e)(1).

According to the PSR, Robledo-Cruz was released from custody on his murder conviction on August 3, 2012. CR Dkt. No. 26, p. 5. Robledo-Cruz's sentence on that conviction was for 151 to 191 months in custody, clearly exceeding 13 months. Id. Thus, Robledo-Cruz was incarcerated for that conviction within 15 years prior to the commencement of the instant offense. While his sentencing date was more than 15 years prior, that fact is of little consequence in the present situation. Instead, the fact that he was incarcerated for that conviction during the previous 15 years means the conviction qualifies for criminal history points. U.S. v. Escobar, 866 F.3d 333, 339 (5th Cir. 2017); U.S. v. Ballesteros-Ramirez, No. 07-40835, 2008 WL 4584665, at *4 (5th Cir. Oct. 15, 2008); U.S.

7

v. Campbell, 51 F.3d 1041 (5th Cir. 1995).[2]

The Court did not err in its calculation of Robledo-Cruz's criminal history score.

### B. Ineffective Assistance of Counsel

In order to show that counsel was constitutionally ineffective, Robledo-Cruz must establish that counsel's performance fell below an objective standard of reasonableness. U.S. v. Urias-Marrufo, 744 F.3d 361, 366 (5th Cir. 2014).

The Court notes that "counsel is not required to make futile motions or objections." Koch v. Puckett, 907 F.2d 524, 527 (5th Cir.1990). Because the Court correctly calculated Robledo-Cruz's criminal history, trial and appellate counsel were not ineffective for failing to object to that calculation. Id.

Accordingly, this claim is meritless and should be denied.

## IV. Recommendation

Wherefore, it is recommended that Petitioner Othon Robledo-Cruz's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to

---

[2] Even assuming that the murder conviction was too stale to be counted in the criminal history, the Court was still entitled to consider it when upwardly departing from the Guidelines at sentencing. U.S. v. Akbar, 328 F. App'x 923, 925 (5th Cir. 2009).

8

determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Robledo-Cruz's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Robledo-Cruz's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Fernando Rodriguez, Jr., United States District Judge. 28 U.S.C. § 636(b)(1). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on October 25, 2018.

_____
Ronald G. Morgan
United States Magistrate Judge